**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

ALICIA APPLE, DO, an individual,

    Plaintiff,

v.

PEAK VISTA COMMUNITY HEALTH CENTERS, a Colorado nonprofit corporation,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Alicia Apple, DO ("Dr. Apple"), through counsel, Lewis Kuhn Swan PC, submits her Complaint and Jury Demand ("Complaint") as follows:

**PARTIES**

1. Dr. Apple is an individual who resides in the State of Colorado.

2. Defendant Peak Vista Community Health Centers ("Defendant") is a nonprofit corporation organized under the laws of the State of Colorado with its principal place of business in Colorado Springs, Colorado.

**JURISDICTION AND VENUE**

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this action is brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

4. This Court has personal jurisdiction over Defendant because, among other things, this action arises out of events that occurred in the State of Colorado.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

## GENERAL ALLEGATIONS

6. Defendant owns and operates health centers that provide medical, dental, and behavioral health care services primarily in Colorado Springs, Colorado.

7. Defendant employs more than fifty (50) employees and is a covered employer under the FMLA.

8. Defendant previously employed Dr. Apple as a pediatrician and medical director of Defendant's Pediatric Health Center at Academy. At the time of her termination, Dr. Apple was earning approximately $205,000 per year.

9. In or around July 2019, Dr. Apple requested from Defendant's Human Resources Department the paperwork to take FMLA leave for the birth of her child.

10. Dr. Apple collected all necessary documentation and timely and properly submitted the same to Tonya Toney ("Ms. Toney"), an employee of Defendant's Human Resources Department.

11. Dr. Apple was approved for FMLA leave, though Ms. Toney erroneously informed Dr. Apple that she was eligible for eight weeks of FMLA leave.

12. Dr. Apple's first day of approved leave was on or about August 5, 2019.

13. Dr. Apple returned to work at the end of September 2019.

14. Within mere weeks, Dr. Apple was written up for having her newborn son at the facility for approximately 30 minutes. Other providers and employees had on numerous occasions brought in family members for periods longer than half an hour. Dr. Apple was singled out for this

common practice in retaliation for her FMLA protected activity.

15. On or around November 20, 2019, Dr. Autumn Orser, Vice President of Medical Services and Dr. Apple's direct supervisor, asked Dr. Apple if she had told employees that they should look for other positions because the facility was to be closed. Dr. Apple truthfully denied doing so.

16. On or about November 25, 2019, Peak Vista terminated Dr. Apple's employment on the basis of this false allegation.

17. While Dr. Apple had heard that gossip from other employees, she did not initiate or otherwise promote it.

18. In reality, Dr. Apple's termination was a result of retaliation for her FMLA protected activity.

## CLAIM FOR RELIEF
## FMLA Discrimination and Retaliation

19. Dr. Apple incorporates by reference all preceding paragraphs of this Complaint.

20. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a)(2).

21. Dr. Apple engaged in protected activity on several occasions, including when she initially inquired about the FMLA process and requested necessary paperwork in July 2019, when she returned the FMLA paperwork, and when she took FMLA leave beginning on or around August 5, 2019.

22. Defendant discriminated and retaliated against Dr. Apple by, among other things, pretextually writing up and then terminating Dr. Apple shortly after she returned from FMLA

leave.

23. Defendant's discrimination and retaliation for Dr. Apple's right to take FMLA leave has damaged Dr. Apple in an amount to be proven at trial including, without limitation, by loss of pay and discontinued access to a certain medical school loan repayment program.

24. Defendant's discriminatory and retaliatory conduct described in this Complaint was not in good faith. Dr. Apple is thus entitled to an award of liquidated damages.

WHEREFORE, Dr. Apple prays that judgment be entered in her favor and against Defendant on her claim for relief in an amount to be proven at trial, together with liquidated damages, interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Dr. Apple hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted this 9th day of January, 2020.

        /s/ Andrew E. Swan
Paul F. Lewis
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:   (719) 694-3000
Facsimile:   (866) 515-8628
Email:   plewis@lks.law
        aswan@lks.law

*Attorneys for Plaintiff*